# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED FIRE & CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15CV18 HEA |
| | ) | |
| TIM WORSTELL, et al., | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Joint Motion to Dismiss. [Doc. No. 7]. Plaintiff has filed a Response in opposition to the Motion. [Doc. No. 9]. Defendants have filed a Reply. [Doc. No. 10]. For the reasons set forth below, the Motion is granted and this matter is dismissed.

## Facts and Background[1]

This dispute arises from a automotive vehicle accident involving Defendants Nathan Worstell, Howard Sanborn, and Lopez. United Fire & Casualty Company ("Plaintiff") is an insurance company that issued an auto insurance policy (the "Policy") to Defendant Tim Worstell and his wife, Kylene Worstell. Tim and Kylene Worstell's son is Nathan Worstell.[2] The Policy had effective dates of November 23, 2011 to November 23, 2012. The only vehicles shown in the Declarations of the Policy are a 1998 Ford F-150 and a 2008 Chevrolet Uplander LT.

---

[1] The recitation of facts is taken from Plaintiff's Complaint and are taken as true for the purposes of this motion. Such recitation in no way relieves any party from the necessary proof thereof in later proceedings.

[2] The insurance policy was issued as to Tim and Kylene Worstell. Nathan Worstell resided in their resdience at the time of the accident, thus, according to the Worstell Defendants, rendering him "insured" under the terms of the Policy. Kylene Worstell was originally named as a Defendant in this action, but was dismissed on Plaintiff's Motion.

On September 9, 2012, Defendant Nathan Worstell, while driving a 2000 Oldsmobile Alero owned by Tim and Kylene Worstell, collided with Defendant Sanborn, who was riding a "pedicycle," and who in turn collided with Defendant Lopez, who was also riding a "pedicycle." Sanborn and Lopez brought suit against Nathan Worstell in the Circuit Court of Adair County, Missouri, alleging negligence. On January 16, 2015, the Circuit Court entered Judgment in favor of Defendants Sanborn and Lopez and against Defendant Nathan Worstell in the amounts of $33,032,812 for Defendant Sanborn and $1,562,489 for Defendant Lopez, together with post-judgment interest at an annual rate of 5.12%.

After receiving a letter requesting settlement and threatening garnishment proceedings from counsel for Defendants Sanborn and Lopez, and a letter requesting settlement and threatening suit for bad faith failure to settle and bad faith refusal to defend from counsel for Defendant Nathan Worstell, Plaintiff filed the instant action, requesting declaratory judgment with regard to its obligations to the respective parties.

Defendants Sanborn and Lopez initiated their action for equitable garnishment against Defendant Nathan Worstell and Plaintiff in the Circuit Court for the City of St. Louis on March 11, 2015. Defendant Worstell filed an answer and cross claim, alleging bad faith refusal to settle and bad faith refusal to defend against Plaintiff, on March 16, 2011.

Defendants now jointly move for the Court to exercise its discretion to dismiss this action in favor of the parallel state court proceedings.

### Discussion

Plaintiff's Complaint for Declaratory Judgment exclusively raises issues of Missouri state law. The same issues have been raised and are being litigated in the aforementioned state court action in the Circuit Court for the City of St. Louis. In *Brillhart v. Excess Insurance Company of America*, a case considering the wisdom of a federal district court hearing an insurance company's

declaratory judgment action regarding the company's obligations with regard to an underlying dispute in state court, the Supreme Court noted that it would "ordinarily be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." 316 U.S. 491, 495 (1942). Stated differently, federal courts should avoid "[g]ratuitous interference with the orderly and comprehensive disposition of state court litigation." *Id.* The Supreme Court further noted that, in considering whether to exercise its discretion to hear or not hear a federal declaratory judgment action regarding an insurer's obligations under state law, a district court should examine "the scope of the pending state court proceedings" and "consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Id.* The Supreme Court considered and reaffirmed the soundness of *Brillhart* in *Wilton v. Seven Falls Co.*, 515 U.S. 266 (1995).

Currently, this dispute is being litigated in parallel proceedings in federal court and state court. As noted, no questions of federal law are at issue. The scope of the state court proceedings encompass all of the issues in the present action; the claims of all parties in interest can be satisfactorily adjudicated in the state court proceedings; and all of the necessary parties have been joined. It is thus clear to the Court—a court of limited jurisdiction—that, based on Supreme Court precedent and issues of federalism, this matter is best left to the state courts for resolution. To hold otherwise would be nothing short of "gratuitous interference" with the state court proceedings. Thus, the *Brillhart* abstention doctrine warrants dismissal.

Further, the fact that Plaintiff filed this action preemptively before Defendants Sanborn and Lopez filed their state court action is neither dispositive, nor informative, particularly given that Plaintiff's initiation of this lawsuit appears to have been in response to Defendants' post-

judgment requests for settlement coupled with threats of suit. *Accord Gribin v. Hammer Galleries, Div. of Hammer Holdings, Inc.*, 793 F. Supp. 233, 236 (C.D. Cal. 1992) ("The declaratory remedy is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be plaintiff if he can beat the other party to the courthouse.") (quoting *State Farm Fire and Cas. Co. v. Taylor*, 118 F.R.D. 426, 431 (M.D.N.C. 1988)). In this vein, the Court is unpersuaded by the only argument Plaintiff offers for the Court to exercise its discretion to hear this case—a weakly supported accusation of "forum shopping" premised on the fact that Defendants Sanborn and Lopez filed their state court action for garnishment in the Circuit Court for the City of St. Louis as opposed to the Circuit Court of Adair County. If any party in this dispute is attempting to forum shop, it is Plaintiff. In this, the court will not abide.

**Conclusion**

For these reasons, the Court will grant Defendant's Joint Motion to Dismiss, and dismiss this matter pursuant to the *Brillhart* abstention doctrine so that the Missouri state courts may resolve this dispute in the matter currently proceeding in the Circuit Court for the Circuit of St. Louis City.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Dismiss [Doc. No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED without prejudice**.

An Order of Dismissal will accompany this Opinion, Memorandum, and Order.

Dated this 15th day of May, 2015.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE